GULOTTA, Judge.
In this intersectional accident case, the sole issue is whether or not the defendant-driver made a “protected” left turn on a green arrow across the path of plaintiff’s vehicle approaching from the opposite direction. From the dismissal of her suit after trial, plaintiff appeals. We affirm.
The accident occurred at the intersection of La. Hwy. 46 (St. Bernard Highway) and Rowley Blvd. in Arabi, Louisiana.
According to plaintiff’s version, which was corroborated by the testimony of a following motorist, plaintiff was favored with a green light and defendant simply failed to yield the right-of-way. Defendant, on the other hand, testified that he had executed a “protected” left turn from the eastbound “turning lane” of St. Bernard Hwy. while favored with a green arrow, and plaintiff had simply “run” the red light. *31 Defendant’s version was corroborated by the testimony of a bystander who had observed the green arrow while defendant was occupying the turning lane and had noticed cars stopped in the westbound, right-hand lane of St. Bernard.
Appealing, plaintiff contends the trial judge committed manifest error in failing to give greater weight to the testimony of plaintiff’s disinterested witness who was in a better position to observe the traffic light as he drove toward it on the highway than defendant’s bystander who was in a parking lot and had no particular reason to be alert to the light before the accident. Plaintiff also points out that the bystander’s testimony that he had seen defendant’s car stopped in the left-turning lane for two or three minutes contradicted defendant’s testimony that he had proceeded through the left-turning lane without stopping.
This case is one of credibility. Each litigant’s version is supported by an independent witness.
Having reviewed the record, we cannot conclude the trial court’s finding in defendant’s favor was “clearly wrong” or “manifestly erroneous”. See Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Although we, as the appellate court, may disagree with the trial court’s conclusions and feel that our own evaluations and inferences are as reasonable, where there is a conflict in testimony, we must give great weight to the factual conclusions of the trial court and cannot disturb its reasonable evaluations and inferences. See Canter v. Koehring, supra; Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976).
Furthermore, although there was an inconsistency between the defendant’s testimony and that of the bystanding witness concerning the length of time defendant was in the left turning lane, it apparently was not of sufficient magnitude in the trial judge’s mind to be fatal to defendant’s version of the accident. We cannot say the inconsistency destroys the credibility of defendant’s evidence. See Gonzalez v. Lockette, 410 So.2d 265 (La.App. 4th Cir. 1982).
Accordingly, we affirm the judgment.
AFFIRMED.